UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

         - v. -

JOSEPH JAMES O'CONNOR,
      a/k/a "PlugwalkJoe,"

          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

21 Cr. 536 ~~(RMB)~~ (JSR)

        WHEREAS, on or about August 25, 2021, JOSEPH JAMES O'CONNOR, a/k/a "PlugwalkJoe" (the "Defendant"), was charged in a four-count Indictment, 21 Cr. 536 (RMB) (the "Indictment") with conspiracy to commit computer intrusions, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Three); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1030(i), of any and all property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, and any and all personal property that was used, or intended to be used to commit, or to facilitate the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a second forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Indictment included a third forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Four of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency, representing the amount of property involved in the offense charged in Count Four of the Indictment;

WHEREAS, on or about April 18, 2023, the Defendant was charged in the United States District Court for the Northern District of California, in a seven-count Information, 23 Cr. 113 (RS) (the "NDCA Information"), with conspiracy to commit computer intrusion, in violation of Title 18, United States Code, Section 371 (Count One); computer intrusion, in violation of Title 18, United States Code, Section 1030(a)(2)(C) (Count Two); computer intrusion with intent to extort, in violation of Title 18, United States Code, Section 1030(a)(7)(B) (Count Three); extortive communications, in violation of Title 18, United States Code, Section 875(d) (Count Four); stalking, in violation of Title 18, United States Code, Section 2261A(2) (Counts Five and Seven); and threatening communications, in violation of Title 18, United States Code, Section 875(c) (Count Six);

WHEREAS, the NDCA Information included a forfeiture allegation as to Counts One through Three of the NDCA Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(b) and 1030(i) and (j), of any personal property used, or intended to be used to commit, or to facilitate the commission of the offenses charged in Counts One through Three of the NDCA Information, and any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the NDCA Information, including, but not limited to, a sum of money equal to the total amount of proceeds Defendant obtained or derived, directly or indirectly, from the offenses charged in Counts One through Three of the NDCA Information, or the value of the property used to commit or to facilitate the commission of the offenses charged in Counts One through Three of the NDCA Information;

WHEREAS, the NDCA Information included a second forfeiture allegation as to Counts Four and Six of the NDCA Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of all property, real or personal, constituting, or derived from proceeds the Defendant obtained, directly and indirectly, as the result of the offenses charged in Counts Four and Six of the NDCA Information, including but not limited to a forfeiture money judgment;

WHEREAS, on or about  May 9, 2023, the Defendant pled guilty to Counts One, Two, and Four of the Indictment, and Counts One through Seven of the NDCA Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Two, and Four of the Indictment and Counts One through Four and Six of the NDCA Information, and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 982(a)(2)(B), and

1030(i), and Title 28, United States Code, Section 2461(c), a sum of money equal to $794,012.64 in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, and the property involved in the offense charged in Count Four of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $794,012.64 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, and the property involved in the offense charged in Count Four of the Indictment; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four and Six of the NDCA Information and Counts One and Two of the Indictment that the Defendant personally obtained, and the property involved in Count Four of the Indictment, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Olga I. Zverovich, of counsel, and the Defendant and his counsel, Roger A. Burlingame, Esq., and Jeffrey A. Brown, Esq., that:

1. As a result of the offenses charged in Counts One, Two, and Four of the Indictment to which the Defendant pled guilty, a money judgment in the amount of $794,012.64 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, and the property involved in the offense charged in Count Four of the Indictment, shall be entered against the Defendant.

2.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant JOSEPH JAMES O'CONNOR, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.     All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4.     The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____   05/01/2023
OLGA I. ZVEROVICH   DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2514

JOESPH JAMES O'CONNOR

By: _____   5/9/23
JOESPH JAMES O'CONNOR   DATE

By: _____   5/9/23
ROGER A. BURLINGAME, ESQ.   DATE
JEFFREY A. BROWN, ESQ.
*Attorneys for Defendant*
Dechert LLP
roger.burlingame@dechert.com
Jeffrey.Brown@dechert.com

SO ORDERED:

_____   5/9/23
HONORABLE RICHARD M. BERMAN JED S. RAKOFF   DATE
UNITED STATES DISTRICT JUDGE